ORTEGA, P. J.
*157 Defendant appeals a judgment of conviction for three counts of first-degree sexual abuse and one count of first-degree sodomy for sexually abusing his wife's granddaughter. He raises two assignments of error; however, we reject his second assignment of error without discussion, writing only to address whether the trial court abused its discretion under OEC 403 in excluding certain evidence.
At trial, defendant wanted to prove that the victim's sexual abuse allegations were false by showing that her disclosure was influenced by what he contended were false allegations made against him by her sisters. To that end, he sought to introduce extrinsic evidence to disprove the sisters' accusations. The court allowed defendant to question the victim, E, about her motive for disclosing the sexual abuse, but ruled that defendant could not introduce extrinsic evidence to prove that the sisters lied because it was on a collateral matter and would lead to confusion, delay, and prejudice under OEC 403. Defendant contends that the court failed to make a record that complied with State v. Mayfield , 302 Or. 631, 733 P.2d 438 (1987), in making its OEC 403 ruling. Defendant also contends, alternatively, that the trial court's OEC 403 *445 balancing was an abuse of discretion. However, we conclude that the record was sufficient to indicate that the trial court conducted the requisite OEC 403 balancing, and that its balancing was within its allowable range of discretion and, accordingly, we affirm.
"In reviewing a trial court's application of OEC 403, we begin by summarizing all of the evidence and procedure related to the trial court's ruling." State v. Kelley , 293 Or.App. 90, 91, 426 P.3d 226 (2018). Two trials involving defendant are relevant to this appeal. The state originally charged defendant with several counts of sexual misconduct crimes after E and her sisters, A and M, accused defendant of sexually assaulting them while they were all under the age of 18. At the trial on those charges, all three sisters testified against defendant, providing detailed accounts of the alleged sexual abuse. A and M testified that they talked with each other and their mother about the abuse, and E
*158 testified that she felt compelled to come forward because she "felt it was [her] responsibility to protect" her sisters. After listening to their testimony and the testimony of other family members who contradicted some of the statements the sisters made, the jury was unable to reach a verdict, and the case ended in a mistrial. The state decided to retry the case but amended the indictment to include charges solely based on the allegations made by E. In the second trial-resulting in the judgment at issue-the state charged defendant with one count of first-degree sodomy and three counts of first-degree sexual assault.
Before trial, defendant filed a motion to clarify the admissibility of sexual abuse allegations asserted by A and M. At a pretrial hearing on that motion, defendant explained that he wanted to introduce their statements from the first trial to prove that all three sisters colluded with their mother to assert the allegations. To prove that the sisters' allegations were false, defendant asked to inform the jury of the outcome of the first trial; he wanted to argue that the first jury's inability to find him guilty showed that the jurors did not believe A and M. According to defendant, if their statements were false and they colluded with E, it can be inferred that E's disclosure of sexual abuse was also false.
The trial court ultimately precluded defendant from introducing such evidence because it would "lead to nothing but confusion, delay, and prejudice" under OEC 403. The court explained that the alleged falsity of the accusations of A and M was a collateral issue and, further, that because they were not testifying and the charges relating to their disclosures were not at issue during the trial, any effort to prove falsity would lead to a mini-trial on the collateral issue because, once defendant opened the door, the state would want to introduce evidence to rebut defendant's evidence. The court held that introducing that evidence would be "extremely confusing" for the jury and that, even if there was some proof from the first trial that the sisters' allegations were false, the fact that the first trial ended in a hung jury did not actually demonstrate falsity; there could have been "all sorts of reasons" for a hung jury. The court ruled, *159 however, that it would allow defendant to question E about her motive for disclosing, including whether or not she did so to protect her sisters. Defendant acknowledged that he could also testify in his own defense and deny the allegations by A and M, and the court indicated that it would allow defense counsel to ask defendant if he was ever convicted of any sexual misconduct crimes in order to support his theory.
The trial proceeded, and defendant attempted on several occasions to highlight his concerns with the court's pretrial ruling because, as he argued, without admitting the other evidence to provide the context behind E's disclosure-specifically, that her sisters lied and E only disclosed to protect them and therefore also lied-he could not question E about her motive for disclosing to the same effect. The court adhered to its ruling, and defendant was found guilty on all counts.
On appeal, defendant contends that, in order to question E's motive for disclosing and undermine the credibility of her allegations, he needed to be able to prove that her sisters' allegations were also false, using evidence from the first trial, evidence that he argues was relevant and "plainly [had] probative *446 value" that substantially outweighed any potential delay or confusion under OEC 403. In defendant's view, the court failed to make a record of the court's balancing in a manner he asserts is required by Mayfield , and that, in any event, the court erred in excluding relevant evidence, which violated his right to present a defense.
The state first responds that defendant's claim is not reviewable because he failed to make an offer of proof. The state contends that defendant failed to point to any part of the record that shows "what evidence was excluded and in what form." Alternatively, the state argues that, on the merits, the trial court correctly limited defendant's ability to disprove the allegations of A and M in compliance with Mayfield . The state asserts that defendant was attempting to introduce extrinsic evidence to prove bias, but because that evidence was irrelevant and properly excluded under OEC 403, and because its exclusion did not violate defendant's constitutional right to present a defense, the trial court did not err.
*160 We first address preservation. In most cases when a party is appealing the exclusion of evidence, it "must make an offer of proof in the trial court to establish the substance of the evidence." State v. Hernandez , 269 Or.App. 327, 330, 344 P.3d 538 (2015). A party may meet that requirement "through statements of counsel, provided that the statements adequately inform the trial court of the nature of the evidence at issue." State v. Jaimes-Pineda , 271 Or.App. 75, 78, 350 P.3d 465 (2015) (citing State v. Phillips , 314 Or. 460, 466, 840 P.2d 666 (1992) ). That does not necessarily mean that the party's counsel must identify specific testimony that he wishes to elicit, but it does require that the party present sufficient evidence, even if broadly stated, to put the trial court on notice of its substance and nature. See, e.g. , State v. Lulay , 290 Or.App. 282, 289-91, 414 P.3d 903 (2018) (concluding that an offer of proof sufficiently served the purposes of the preservation rule, "to allow the trial court to consider a contention and correct or avoid any error, to allow the opposing party an opportunity to respond to a contention, and to foster full development of the record") (citations omitted); State v. Haugen , 349 Or. 174, 191, 243 P.3d 31 (2011) (concluding that an offer of proof sufficiently informed the court of the testimony the defendant sought to present).
Here, defense counsel informed the court that he wanted to introduce as evidence the allegations made by E's sisters in the first trial-including evidence that they spoke with each other about the alleged abuse-and the subsequent mistrial, in order to show that their allegations were false. Defendant argued that from that evidence, the jury could infer that E colluded with her sisters and that, because they made similar disclosures, she was influenced by them to also make false allegations. Based on defense counsel's statements, the trial court was aware of the nature of the evidence offered to support defendant's theory that E colluded with her sisters to make false allegations. We are persuaded that defendant satisfied his burden to make an offer of proof that allowed the court to correct and avoid any error, to allow the opposing party an opportunity to respond to defendant's contention, and to foster full development of the record.
*161 We turn to the merits, reviewing the trial court's decision to exclude evidence under OEC 403 for abuse of discretion. State v. Brumwell , 350 Or. 93, 107, 249 P.3d 965 (2011), cert. den. , 565 U.S. 1124, 132 S.Ct. 1028, 181 L.Ed.2d 757 (2012).
Defendant argues that the record does not reflect that the trial court engaged in the balancing required by Mayfield and that we may reverse on that basis alone. However, as the Supreme Court recently clarified in State v. Anderson , 363 Or. 392, 404, 423 P.3d 43 (2018), Mayfield did "not set out a checklist that the trial courts must mechanically tick off on the record or risk reversal." Rather, Mayfield "identifies the factors the trial court should consider in exercising its discretion under OEC 403," but "provides little guidance as to how or to what extent the record should reflect the trial court's exercise of discretion." Id. Consequently, "a court will make a sufficient record under Mayfield if the trial court's ruling, considered in light of the parties' arguments, *447 demonstrates that the court balanced the appropriate considerations." Id. at 406, 423 P.3d 43.
Here, we conclude that the record is sufficient to demonstrate that the trial court conducted the necessary OEC balancing and that its resulting determination was within its allowable discretion. Both parties adequately argued about the relevance of evidence regarding the allegations that had been asserted by A and M and took opposing views on how important that evidence would be to the defense. See id. at 407, 423 P.3d 43 ("The probative value of evidence is a function of two variables: the degree to which evidence is relevant to prove or disprove an issue and the extent to which that issue is material to the resolution of the case."). In conducting the OEC 403 balancing, the court considered how the introduction of that evidence would affect the trial, particularly whether introducing such evidence would delay the trial or confuse the issues. In concluding that the proposed evidence would "lead to nothing but confusion, delay, and prejudice," the court considered the extent to which the introduction of such evidence would create a mini trial about the credibility of the allegations by A and M. And we *162 conclude that the court did not abuse its discretion in excluding extrinsic evidence to disprove A's and M's allegations.[1]
Affirmed.

Defendant asserts that without the evidence of A and M's allegedly false statements, his constitutional right to present a defense as to the allegations asserted by E was violated. However, because the court did not abuse its discretion in excluding that evidence, we conclude that his rights were not violated. See Delaware v. Van Arsdall , 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (constitutional principles leave to judges wide latitude to exclude evidence that is repetitive or only marginally relevant, or which poses an undue risk of confusion of the issues); State v. Anderson , 137 Or.App. 36, 41, 902 P.2d 1206, rev. den. , 322 Or. 362, 907 P.2d 249 (1995) ("Defendant's right to present a defense does not include a constitutional right to present irrelevant, prejudicial evidence.").